UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN COYLE,<br>Booking #15746082,<br>Patient #170-207-5,<br><br>          Plaintiff,<br><br>vs.<br><br>SAN DIEGO SHERIFF'S DEPT., et al.,<br>         Defendants. | Case No.:  3:16-cv-00667-GPC-JLB<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1) AND FOR FAILING TO COMPLY WITH COURT ORDER REQUIRING AMENDMENT** |

  Plaintiff, Justin Coyle, was formerly detained at George Bailey Detention Facility in San Diego, but has since been transferred to Patton State Hospital (ECF No. 4). He has been granted leave to proceed in forma pauperis, but his complaint was dismissed with leave to amend because it failed to state a claim. Because Plaintiff has not filed an amended complaint, the Court now dismisses his case.

## Background

  On June 28, 2016, the Court screened Plaintiff's complaint and dismissed it in its entirety pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) (ECF No. 3). Plaintiff was provided an explanation of his pleading deficiencies, and granted an opportunity to fix them. *See id.* at 5-12. Plaintiff was given 45 days, or until approximately August 12,

2016, to file his amended complaint, and warned that if he failed to do so, his case would be dismissed without further leave to amend. (*Id.* at 12, *citing Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

"The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that it will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## Conclusion

The time for amendment has now passed, and Plaintiff has not filed an amended complaint, or requested any extension of time in which to do so. Therefore, the Court dismisses this civil action in its entirety without further leave to amend based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute pursuant to FED. R. CIV. P. 41(b) in compliance with the Court's June 28, 2016 Order.

The Court further certifies that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and directs the Clerk to enter a final judgment of dismissal and to close the file.

IT IS SO ORDERED.

Dated:  September 26, 2016

Hon. Gonzalo P. Curiel
United States District Judge